FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 11 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAIKAL ALI ISKANDAR HALIM, | No. 11-70759 |
| Petitioner, | Agency No. A075-745-174 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 3, 2012
Seattle, Washington

Before: SCHROEDER, Senior Circuit Judge, McKEOWN and TALLMAN,
Circuit Judges.

Maikal Halim, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen his

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252(a). We review

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

the BIA's denial of a motion to reopen for abuse of discretion, *Feng Gui Lin v. Holder*, 588 F.3d 981, 984 (9th Cir. 2009), and we deny the petition for review.

The BIA did not abuse its discretion in concluding that Halim failed to establish an individualized risk of persecution in light of this court's decision in *Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir. 2010). Halim's argument that the BIA applied the higher withholding of removal standard to his asylum claim fails because the BIA was merely explaining the holding in *Tampubolon*, in which that petitioner was time-barred from seeking asylum. *See Tampubolon*, 610 F.3d at 1059. In applying the correct standard, the BIA did not err in determining that, even as a member of a disfavored group, Halim failed to demonstrate sufficient individualized risk of future persecution in Indonesia. *See Wakkary v. Holder*, 558 F.3d 1049, 1065 (9th Cir. 2009) (noting that in the asylum context, "*some* evidence of individualized risk is necessary for the petitioner to succeed"). The evidence Halim proffered—that he is an active member of his church in the United States and that he suffered abuse as a youth—is insufficient to distinguish his risk of persecution from the generalized risk felt by all Christians in Indonesia. *See Lolong v. Gonzales*, 484 F.3d 1173, 1181 (9th Cir. 2007).

Next, the BIA did not abuse its discretion in concluding that Halim failed to establish materially changed country conditions. *See Najmabadi v. Holder*, 597

F.3d 983, 991(2010). The news articles and reports Halim submitted in support of his motion to reopen are not "qualitatively different" from the evidence of the difficult conditions for Christians he proffered in his initial application for asylum. *See Malty v. Ashcroft*, 381 F.3d 942, 946-47 (2004); 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall state the *new* facts that will be proven . . . if the motion is granted.") (emphasis added). Although the BIA "did not directly reference" any of the articles or reports Halim submitted, "there is nothing to suggest it did not consider that evidence in deciding that" Halim failed to establish changed conditions in Indonesia. *Najmabadi*, 597 F.3d at 991; *see also Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004) ("[T]he [BIA] does not have to write an exegesis on every contention.").

Finally, the BIA did not act arbitrarily, irrationally, or contrary to law, by declining to take into account evidence of Halim's child's developmental disabilities, when that evidence went neither to changed country conditions nor to Halim's individualized fear of future persecution.

**PETITION DENIED.**

3